Joseph Lugauskas v. Commissioner.
Lugauskas v. Commissioner
Docket No. 57875.
United States Tax Court
T.C. Memo 1957-56; 1957 Tax Ct. Memo LEXIS 194; 16 T.C.M. (CCH) 242; T.C.M. (RIA) 57056; March 29, 1957
*194 Joseph Lugauskas, 426 S. Fifth Street, Brooklyn, N. Y., pro se. Edward N. Delaney, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined deficiencies in income tax of $919.67 for 1951 and $1,489.93 for 1952. The petition in this case was apparently prepared and filed by the petitioner himself. It does not contain a clear and concise assignment of any error allegedly committed by the Commissioner in the determination of the deficiencies, and it does not set forth clear and concise statements of facts upon which the petitioner relies to sustain any assignment of error. The Commissioner filed an amendment to his answer, in which he alleged that the petitioner had unreported gross income from his business for 1951 of $1,813.42 in addition to the gross income set forth in the notice of deficiency, and he made claim in that amended answer for an additional deficiency for 1951 of $440.22, making a total deficiency for that year of $1,359.89. The petitioner failed to file any reply to that answer, and the Commissioner, in accordance with the rules of the Court, asked to have the allegations of the amended answer deemed to be admitted. *195 The Court entered an order granting that motion because the petitioner failed to make any response whatsoever in regard to the affirmative allegations contained in the amended answer. The proceeding was set for trial on the merits in New York on February 18, 1957, at which time the parties were notified that the trial would be held on the following day. The petitioner appeared for himself, testified and offered exhibits which were admitted in evidence. Counsel for the Commissioner stated that all deductions claimed by the petitioner for each year had been allowed, and he conceded that, in determining the deficiency for 1952, rent on business property in the amount of $1,800 had been erroneously added to income and two other items added to income, salary $2,964 and additional gross receipts $1,406.35, were excessive to the extent of $1,720.13, so that the correct net income for that year was $5,614.22, instead of $9,134.35 used in the determination of the deficiency. He conceded that there should be subtracted from this a standard deduction of 10 per cent in the amount of $561.42 and these adjustments would result in a deficiency of $758.57 instead of the $1,489.93 determined for *196 that year. The Commissioner has sustained his burden of proof for an increased deficiency for 1951 and the petitioner has not shown that he had any less income or is entitled to any greater deduction for that year than the Commissioner has used in computing the deficiency of $1,359.89 for 1951. The petitioner has not shown that his gross income for 1952 was any less than the amount now contended for by the Commissioner or that he is entitled to any deduction for that year which the Commissioner has not allowed in computing the lesser deficiency now claimed by him for that year. Decision will be entered that there is a deficiency of $1,359.89 for 1951 and a deficiency of $758.57 for 1952.